Douglas L. **PERREAULT,**
**Plaintiff–Appellant,**

v.

Loren **HOSTETLER, et al.,**
**Defendants–Appellees.**

No. 88–1410.

United States Court of Appeals,
Sixth Circuit.

Submitted May 22, 1989.

Decided Sept. 1, 1989.

---

Douglas L. Perreault, Kincheloe AFB, Mich., pro se.

T. Joseph Seward, Gail P. Massad, Cummings, McClory, Davis & Acho, Marcia L. Howe, Livonia, Mich., for defendants-appellees.

Before WELLFORD and MILBURN, Circuit Judges; and ALDRICH, District Judge.[*]

WELLFORD, Circuit Judge.

Plaintiff Douglas L. Perreault filed his complaint on February 27, 1987, based upon alleged police misconduct which occurred on December 1, 1982. Named defendants in the 42 U.S.C. § 1983 claim included nine police officers and police officials from Grand Blanc, Michigan, the Grand Blanc Police Department, and the Grand Blanc Township. In their answer, the defendants claimed Perreault's action was barred by the applicable Michigan three year statute of limitations, and they moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6).

In a report and recommendation dated December 29, 1987, the magistrate to whom the case had been referred recommended the action be dismissed on the basis of the statute of limitations. Before the magistrate issued her report plaintiff had filed a motion to amend his complaint to add additional defendants.

The district court also concluded that the plaintiff's action was time-barred, granting defendants' motion to dismiss, and at the same time denied the plaintiff's motion to amend his complaint. Plaintiff has filed a timely notice of appeal.

This case arises out of an incident that began on December 1, 1982. Plaintiff was absent from the State of Texas in violation of the terms of his probation, and was at the Grand Blanc home of his parents, who were unaware he was wanted on a felony warrant by the State of Texas. Early that morning, Grand Blanc police officers Collarday and Hitt, defendants herein, went to the Perreault home. Collarday, in plain clothes, knocked on the front door, identified himself as a police officer and informed plaintiff's parents he wished to speak with him. The plaintiff's complaint, however, alleges Collarday misidentified himself as a Texas police officer. Plaintiff's mother stated that her son was upstairs sleeping, and insisted Collarday produce a search warrant before proceeding further. Collarday asserted that he did not need a warrant, and then by walkie-talkie instructed Officer Hitt, in uniform, to enter the house by the backdoor. Collarday and Hitt then went upstairs and entered the plaintiff's bedroom without a warrant.

The officers found the plaintiff sitting up in bed with explosives strapped around his waist and pointing a pistol at them. He instructed the officers not to shoot, lest there be "an accident." The three men then proceeded downstairs.

An 18–hour standoff between the plaintiff and the local police ensued. The police treated the incident as a "hostage" situation, though the plaintiff claims he never prevented anyone from coming or going anywhere. Yet, since he had become what appeared to be a walking bomb, the district court noted that "everyone in his vicinity was, in a sense, his 'hostage.'"

Shortly before midnight, and contrary to police instructions, the plaintiff, his father, and a family friend attempted to leave the premises by car. The police opened fire on the car, and the plaintiff and other passengers retreated to the house. Finally, in the very early hours the next morning, the

---

[*] The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

plaintiff surrendered. He was taken into custody and charged with assault with intent to commit murder.[1]

The magistrate to whom the case was referred determined that the plaintiff's action came under Michigan's three-year statute of limitations for personal injury actions. Mich.Comp.Laws Ann. § 600.5805(8) (West 1987 & Supp.). She held that the claim was barred under that provision.

Perreault claimed that due to his imprisonment since December 2, 1982, the statute of limitations had been tolled under MCLA § 600.5851(1), (3). The magistrate noted that the Michigan tolling statute tolls the limitations period if an individual "is imprisoned at the time his claim accrues." MCLA § 600.5851(1). Since his cause of action arose before he was imprisoned, Perreault's claim was deemed to be barred despite his attempts to retain counsel to bring this civil rights action before it was actually filed. The magistrate also found that to permit the plaintiff to invoke the tolling statute would be inconsistent with the federal policies underlying civil rights actions under *Higley v. Michigan Department of Corrections*, 835 F.2d 623 (6th Cir.1987). Accordingly, the magistrate recommended the case be dismissed.

The district court found "that once the plaintiff strapped on the explosives and threatened to blow up himself and the surrounding neighborhood, the defendants had a right and a duty to disarm and arrest him." Therefore, the court found the only allegation of police misconduct which might constitute a cause of action was the plaintiff's assertion that the police had violated his constitutional rights in their warrantless entry into his bedroom.

The district court found the plaintiff's cause of action fell within the state's period for personal injury actions.[2] The district court approved the magistrate's dismissal recommendation, but found that this court's decision in *Higley v. Michigan Department of Corrections*, 835 F.2d 623 (6th Cir.1987), was distinguishable.[3]

The district court concluded that the plaintiff was not in the custody of any of the defendants when the alleged misconduct occurred. Unlike *Higley*, plaintiff's complaint made no reference to prison conditions, practices, or procedures.

In applying the tolling statute, the district court based its decision on the uncontested fact that the plaintiff was not incarcerated at the time his claim accrued. The applicable language of the tolling statute reads as follows:

600 5851. Disabilities of infancy, insanity or imprisonment at accrual of claim; year of grace; tacking; removal of disability of infancy; medical malpractice exception

Sec. 5851. (1) Except as otherwise provided in subsection (7), if the person first entitled to make an entry or bring an action is under 18 years of age, insane, or imprisoned *at the time the claim accrues,* the person or those claiming under the person shall have 1 year after the disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run.

\* \* \* \* \* \*

(3) To be deemed a disability, the infancy, insanity, or imprisonment *must exist at the time the claim accrues.* If the disability comes into existence after the claim has accrued, the disability shall not be recognized under this section for the purpose of modifying the period of limitations.

---

**1.** Plaintiff was eventually convicted, is now and has been a prisoner in a Michigan state prison. There is no indication whatever about disposition of Perreault's parole violation in Texas.

**2.** The district court did not cite the specific limitations statute. MCLA § 600.5805(1) sets a general three-year limitation period for personal injury actions. Subsection (5) of the statute, however, sets a two-year period of limitation for actions against a sheriff or sheriff's deputies. It makes no material difference whether a two-year or three-year period is used in this case. The question is whether the statute is tolled by plaintiff's imprisonment.

**3.** *Higley* has since been overruled by the Supreme Court in *Hardin v. Straub*, —— U.S. ——, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989).

(Emphasis added). Actual imprisonment of Perreault did not begin until well after the plaintiff's asserted cause of action against the officers and Grand Blanc had arisen. Thus, the district court found the complaint against the named defendants was time-barred. The court further found that the claims against additional defendants the plaintiff wished to add to his complaint were also time-barred, and denied the plaintiff's motion to amend his complaint. Perreault appeals from the judgment dismissing his complaint.

In response to the defendants' motion to dismiss based upon Fed.R.Civ.P. 12(b)(6), the district court allowed the parties to present affidavits and matters outside the pleadings, treating the motion as one for summary judgment under Fed.R.Civ.P. 56. Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. A question of Michigan law is presented in this case. *Hardin v. Straub, supra.*

Plaintiff is proceeding *in forma pauperis* and presents his case to this court *pro se.* As the Supreme Court held in *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), *pro se* complaints and other documents, "however inartfully pleaded," are held to "less stringent standards than formal pleadings [and documents] drafted by lawyers," and are to be liberally construed. *Id.* at 520–21, 92 S.Ct. at 595–96. There is no question but that Perreault was not "imprisoned" at the time his claim accrued while he was in his parents' home in Grand Blanc.

■ Whether a limitations period is tolled is an inherent aspect of a state's statute of limitations and, therefore, federal courts are obligated to apply state tolling statutes in § 1983 actions. *See Hardin v. Straub, supra,* and *Board of Regents v. Tomanio,* 446 U.S. 478, 485, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1980). However, federal law determines when the cause of action arises. *Bireline v. Segondollar,* 567 F.2d 260, 263 (4th Cir.1977), *cert. denied,* 444 U.S. 842, 100 S.Ct. 83, 62 L.Ed.2d 54 (1979); *Kurzawa v. Mueller,* 545 F.Supp. 1254, 1259 (E.D.Mich.1982). The general rule is that "[a] cause of action accrues under § 1983 when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" *Covington v. Winger,* 562 F.Supp. 115, 117 (W.D.Mich. 1983) (quoting *Rubin v. O'Koren,* 621 F.2d 114, 116 (5th Cir.1980)).

Michigan law generally also holds that a cause of action accrues when all of the elements necessary to prove the wrong have occurred and suit can then be maintained. *Thomas v. Process Equipment Corp.,* 154 Mich.App. 78, 397 N.W.2d 224, 227 (1986); *Filcek v. Utica Building Co.,* 131 Mich.App. 396, 345 N.W.2d 707, 708 (1984).

■ The Michigan tolling statute, MCLA § 600.5851(1), tolls the limitations period for persons disabled by imprisonment at the time the claim accrued. *See Hawkins v. Justin,* 109 Mich.App. 743, 311 N.W.2d 465, 468 (1981) (MCLA § 600.5851 tolls the limitation period in favor of prisoner who was incarcerated when defendant defamed him in a letter to the warden). Here, the plaintiff was not incarcerated until after his claim accrued. But the tolling statute expressly and clearly does not toll limitations periods for prisoners incarcerated *after* their cause of action accrues. Since plaintiff was arrested and later incarcerated for wrongful acts he committed *after* his cause of action accrued, he cannot invoke a tolling statute designed to protect prisoners who, by the circumstances of their incarceration, "have restricted access to the judicial system due to their confinement." [4] *Hawkins* found the tolling statute to be constitutional and construed it according to its literal language to provide "a disability in favor of *all who are incarcerated when a cause of action accrues." Id.* 311 N.W.2d at 468. (emphasis added).

The experienced Michigan trial judge in this case construed the Michigan tolling

---

**4.** We note Judge Julian A. Cook's observation in *Campbell v. Guy,* 520 F.Supp. 53, 55 (E.D.Mich. 1981) that "it begs reason to suggest that incarceration *per se* is a disability as to causes of action which have been brought pursuant to 42 U.S.C. § 1983."

statute in accordance with its very terms. We give some deference to his interpretation of the law of Michigan. We have discovered no contrary authority.

Accordingly, we AFFIRM the decision of the district court that Michigan's applicable statute of limitations, which we deem to be three years, bars this claim, and that the tolling provision does not apply under the circumstances of this case.