Phillip Elliot JONES,
Plaintiff–Appellant,

v.

CITY OF HAMTRAMCK; Milewski, Sgt.;
Andrew Kozinski, Lt. Det.; Joseph Harjay, Officer, Defendants–Appellees.

No. 88–1931.

United States Court of Appeals,
Sixth Circuit.

Submitted March 9, 1990.

Decided April 10, 1990.

Phillip Elliott Jones, pro se.

Patrick T. Cahill, Hamtramck, Mich., for defendants-appellees.

Before NELSON and NORRIS, Circuit Judges, and EDWARDS, Senior Circuit Judge.

PER CURIAM.

Plaintiff Phillip Elliot Jones, a Michigan prisoner, brought a civil rights action against the City of Hamtramck and three of its police officers for alleged deprivation of his constitutional rights during and immediately following an arrest. He filed the suit more than five years after the fact. The district court dismissed the complaint as untimely filed, rejecting the plaintiff's contention that under Michigan law the three-year statute of limitations was tolled by the plaintiff's subsequent imprisonment. The issue on appeal is whether the tolling statute, which applies to one who is "imprisoned" at the time his cause of action accrues, applies to a person who is merely under arrest at that point. The district court answered that question in the negative. We agree, and we shall affirm the court's judgment.

The plaintiff seeks damages under 42 U.S.C. § 1983 in connection with an arrest that occurred on August 21, 1980. He alleges that he was forced to incriminate himself, that he was taken into custody and held on a murder charge without probable cause, that he was not taken before a magistrate, and that he was denied counsel. Mr. Jones, who was subsequently convicted of first degree murder and sentenced to a term of imprisonment for life (as well as two years on a firearms conviction), filed his complaint on February 12, 1986. The defendants asserted that Mr. Jones' claims were barred by the three-year statute of limitations and by the doctrine of *res judi-*

*cata.* Upon a magistrate's recommendation, the district court dismissed the complaint as untimely without reaching the *res judicata* issue.

It is well established that the appropriate statute of limitations for actions under § 1983 is the statute of limitations applicable to personal injury actions. *Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985). Michigan has a three-year statute of limitations for personal injury claims. Mich. Comp. Laws § 600.5805(8). Mr. Jones commenced his action more than five years after the events on which his claims are based. The claims are therefore barred unless the statute was tolled.

Mr. Jones relies on Mich. Comp. Laws § 600.5851(1), which provides: "[I]f the person first entitled to ... bring an action is ... imprisoned at the time the claim accrues, the person ... shall have 1 year after the disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run." State tolling statutes such as this apply to § 1983 actions unless the result is inconsistent with federal law or policy. *Board of Regents v. Tomanio,* 446 U.S. 478, 488–92, 100 S.Ct. 1790, 1797–99, 64 L.Ed.2d 440 (1980).

The magistrate found that § 600.5851(1) did not apply to Mr. Jones's claims because: (1) imprisonment is not a disability under federal law, *Higley v. Michigan Dept. of Corrections,* 835 F.2d 623, 626 (6th Cir. 1987); and (2) the cause of action accrued before Mr. Jones was imprisoned. The district court adopted the magistrate's report and added further discussion on the latter point.

The Supreme Court has since rejected *Higley* and held specifically that Mich. Comp. Laws § 600.5851(1) applies to prisoners' § 1983 actions. *Hardin v. Straub,* —— U.S. ——, —— – ——, 109 S.Ct. 1998, 2002–03, 104 L.Ed.2d 582, 590–91 (1989). It is irrelevant that Mr. Jones has filed other suits while in prison. Section 600.5851 applies to all who are imprisoned and does not require a showing of special disability. *Hawkins v. Justin,* 109 Mich.App. 743, 311 N.W.2d 465, 468 (1981).

We agree with the district court, however, that Mr. Jones was not "imprisoned" when his cause of action accrued. It is true that *dicta* in *McCune v. City of Grand Rapids,* 842 F.2d 903, 907 (6th Cir. 1988), suggest that the tolling statute applies from the time of the initial arrest if the arrest is followed by detention. In that case, however, the plaintiff's release more than one year before the filing of his suit meant that the statute could not apply to him in any event.

The Michigan courts have construed the statute "according to its literal language to provide 'a disability in favor of *all who are incarcerated when a cause of action accrues.'*" *Perreault v. Hostetler,* 884 F.2d 267, 270 (6th Cir.1989) (emphasis in original), quoting *Hawkins v. Justin,* 109 Mich. App. 743, 311 N.W.2d 465, 468 (1981). A pretrial detainee is not a person who has been "imprisoned" within the literal meaning of that term, and we have no reason to doubt the conclusion of the district judge that the Michigan courts would give the statute a literal interpretation. Because Mr. Jones' cause of action accrued before he was imprisoned, the tolling statute simply does not apply.

The judgment of the district court is AFFIRMED.