918 F.2d 958
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard D. SMITH, Plaintiff-Appellant,
v.
Jimmy Keck, Officer, John Mangum, Officer, City of Detroit,
Defendants-Appellees.
 No. 90-1382.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1990.
 
 Before KRUPANSKY and MILBURN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Richard Smith, a Michigan prisoner acting pro se, moves this court for a "remand" in his appeal from the district court's dismissal of his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, declaratory relief and expungement of his record, Smith alleged that two Detroit Police Officers arrested him and searched the trunk of his car, where a bag of heroin was found, without a warrant and without probable cause.
 
 
 3
 The case was referred to a magistrate who concluded that Smith's cause of action was barred by the statute of limitations. The district court adopted the magistrate's report and recommendation over Smith's objections. This appeal followed.
 
 
 4
 During the pendency of his appeal, Smith filed a "Motion for a Remand" alleging that the district court judge did not review de novo those findings or conclusions in the magistrate's report to which he specifically objected.
 
 
 5
 Upon review, we find no error. Smith's complaint is barred by the statute of limitations. A cause of action accrues and the statute of limitations commences when the plaintiff knows or has reason to know of the injury. Sevier v. Turner, 742 F.2d 262, 273 (6th Cir.1984). In this case, the cause of action clearly accrued on September 25, 1982, and Smith's complaint is dated July 31, 1987. No intervening statutory disability tolled the applicable three year statute of limitations. See Mich.Comp. Laws Secs. 600.5805 and 600.5851; Jones v. City of Hamtramck, 905 F.2d 908, 909 (6th Cir.) (per curiam), cert. denied, 59 U.S.L.W. 3276 (1990).
 
 
 6
 Accordingly, the judgment of the district court is hereby affirmed for the reasons set forth in the magistrate's report and recommendation dated January 31, 1990, as adopted by the district court in its order dated March 15, 1990. The motion to "Remand" is meritless and is hereby denied. Rule 9(b)(5), Rules of the Sixth Circuit.