918 F.2d 957
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert CLAY, Plaintiff-Appellant,
v.
Bruce WEAVER, Police Officer, David Benson, Police Officer,
City of Grand Rapids, Defendants-Appellees.
 No. 90-1296.
 United States Court of Appeals, Sixth Circuit.
 Nov. 20, 1990.
 
 Before KRUPANSKY and MILBURN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Robert Clay appeals from a district court's judgment granting the defendants' motion for summary judgment in this civil rights case which Clay filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Clay alleged in his complaint that the defendants, in January of 1984, conducted a search and seizure in violation of his rights under the fourth amendment. Based on these alleged facts, Clay filed an action on August 16, 1989, requesting damages in the amount of $175,000.00. Thereafter, the defendants filed a motion for summary judgment, setting forth nine affirmative defenses, including the defense that Clay failed to file his complaint within three years of the alleged injury, as required in Sec. 1983 actions arising in Michigan. Mich.Comp.Laws Sec. 600.5805(8).
 
 
 3
 The district court gave notice to Clay of the pending motion for summary judgment, and Clay responded that the nine affirmative defenses did not justify granting the motion and that his claim was not barred by the statute of limitations, citing Hardin v. Straub, 109 S.Ct. 1998 (1989), in support of his argument. The district court determined that the claim was barred by the applicable Michigan statute of limitations and dismissed the complaint.
 
 
 4
 Upon review, we conclude that the district court correctly determined that this complaint is barred by the Michigan statute allowing a plaintiff to file an action for damages within three years from the time the injury accrues. Wilson v. Garcia, 471 U.S. 261, 276 (1985); Carroll v. Wilkerson, 782 F.2d 44, 45 (6th Cir.) (per curiam), cert. denied, 479 U.S. 923 (1986). Clay's period of incarceration does not toll the three-year period, as his cause of action accrued prior to his incarceration. Jones v. City of Hamtramck, 905 F.2d 908, 909 (6th Cir.1990) (per curiam), petition for cert. filed (July 6, 1990); Perreault v. Hostetler, 884 F.2d 267, 270 (6th Cir.1989).
 
 
 5
 Accordingly, we affirm the district court's order filed October 31, 1989. Rule 9(b)(5), Rules of the Sixth Circuit.