977 F.2d 583
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edwin Ray SCOTT, Plaintiff-Appellant,
v.
CITY OF PONTIAC; Wargel, Detective; John Doe; Several
Unknown Pontiac Police Officers, Defendants-Appellees.
 No. 92-1482.
 United States Court of Appeals, Sixth Circuit.
 Oct. 14, 1992.
 
 Before RALPH B. GUY, Jr. and BATCHELDER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Edwin Ray Scott, a Michigan state prisoner proceeding without the assistance of counsel, moves this court for the appointment of counsel in his appeal from the judgment of the district court dismissing his cause of action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Scott was shot and seriously wounded by a police officer on July 6, 1984, while attempting to escape from the house where he had held a young girl hostage at gun point in an attempt to extort money from the girl's mother. He filed this civil rights action on June 19, 1991. He alleged that defendants violated his Fourth, Fifth and Fourteenth Amendment rights, and asserted various state tort law claims.
 
 
 3
 The case was submitted to a magistrate judge who recommended dismissal of Scott's federal civil rights claim based on the applicable statute of limitations and further, that the remaining state law claims be dismissed without prejudice pursuant to United Mine Workers v. Gibbs, 383 U.S. 715 (1966). The district court reviewed the case de novo in light of Scott's objections to the magistrate judge's report and recommendation. The court adopted the recommendation in its entirety, granted defendants' motion for summary judgment, and dismissed Scott's complaint on the grounds that it was barred by the applicable statute of limitations. The court also certified that an appeal would not be in good faith.
 
 
 4
 Upon review, we find no error. For the purpose of claims filed pursuant to 42 U.S.C. § 1983, state statutes of limitations and tolling principles shall apply to determine the timeliness of the claims asserted. Wilson v. Garcia, 471 U.S. 261, 268-69 (1985). The three year statute of limitations contained in Mich.Comp.Laws § 600.5805(1) is the uniform limitations period to be applied to civil rights claims that arise from Michigan. See Carroll v. Wilkerson, 782 F.2d 44, 45 (6th Cir.) (per curiam), cert. denied, 479 U.S. 923 (1986). Additionally, Michigan provides for the tolling of a statute of limitations pending the incarceration of the plaintiff. If a claim accrues while a Michigan plaintiff is incarcerated, he shall have one year following his release to file suit. Mich.Comp.Laws § 600.5851.
 
 
 5
 The Michigan courts have construed the statute according to its literal language to toll the limitations period in favor of all who are incarcerated when a cause of action accrues. Perreault v. Hostetler, 884 F.2d 267, 270 (6th Cir.1989). A pretrial detainee is not a person who has been "imprisoned" within the literal meaning of that term. Jones v. City of Hamtramck, 905 F.2d 908, 909 (6th Cir.), cert. denied, 111 S.Ct. 265 (1990). Scott was not incarcerated on July 6, 1984, when the cause of action accrued. An arrest warrant was issued three days later while he recovered in the hospital. He is not, therefore, entitled to the protection of Michigan's tolling statute and his § 1983 claim, filed seven years after the fact, is untimely.
 
 
 6
 Accordingly, the judgment of the district court is hereby affirmed for the reasons set forth in the magistrate judge's report and recommendation as adopted by the district court. Rule 9(b)(3), Rules of the Sixth Circuit. Scott's motion for the appointment of counsel on appeal is denied.