16 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Daniel Lydell DULANEY, Plaintiff-Appellant,
v.
Robert WILDMAN, In the capacity of the Grand Rapids Police
Department; Char Lewis, In the capacity of the Grand Rapids
Police Department; Mark Herald, Sgt., In the capacity of
the Grand Rapids Police Department; Cecile Herald,
Defendants-Appellees.
 No. 93-1970.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1994.
 
 Before: GUY and SILER, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Daniel Lydell Dulaney, a pro se Michigan resident, appeals a district court judgment dismissing his civil rights complaint construed as being filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Dulaney sued the Grand Rapids (Michigan) Police Department and three Grand Rapids police officers contending that on October 21, 1988, the defendants assaulted and arrested him. Following his arrest, Dulaney alleged that the defendants conspired to assure his conviction for possession of cocaine. Dulaney's complaint was filed on November 23, 1992.
 
 
 3
 Subsequently, Dulaney attempted to amend his complaint in order to correct several defects. The amendment was rejected because Dulaney did not move for leave to amend the complaint as required by the district court's scheduling order. The defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), 12(c), and 56. Dulaney opposed the motion. The district court granted summary judgment for the defendants.
 
 
 4
 In his timely appeal, Dulaney argues that the district court erred by not granting his motion to amend his complaint, that summary judgment should not have been granted for the defendants based upon his original complaint, that his complaint was not barred by the statute of limitations, and that the district court erred by not conducting an evidentiary hearing prior to dismissing the complaint. He requests oral argument.
 
 
 5
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). After the moving party has shown entitlement to summary judgment, the non-moving party must present significant probative evidence establishing a genuine issue of material fact in order to defeat the motion. Id. at 323-24; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986).
 
 
 6
 Upon de novo review, we conclude that the district court properly granted defendants' motion for summary judgment. The district court did not abuse its discretion in striking Dulaney's amended complaint because the amended complaint would not have withstood a motion to dismiss. Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1041-42 (6th Cir.1991); Robinson v. Michigan Consol. Gas Co., 918 F.2d 579, 591 (6th Cir.1990). Dulaney's complaint was barred by Michigan's applicable statute of limitations. See Carroll v. Wilkerson, 782 F.2d 44, 45 (6th Cir.) (per curiam), cert. denied, 479 U.S. 923 (1986). Furthermore, the statute of limitations was not tolled because Dulaney was not incarcerated when the claim accrued. See Jones v. City of Hamtramck, 905 F.2d 908, 909 (6th Cir.) (per curiam), cert. denied, 498 U.S. 903 (1990). Finally, the district court did not abuse its discretion in denying Dulaney an evidentiary hearing prior to dismissing the case.
 
 
 7
 Accordingly, we deny the request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.