23 F.3d 409
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Lafonza E. WASHINGTON, Sr.; Joan Annette Washington,
Plaintiffs-Appellants,
v.
LOMAS MORTGAGE USA, INC., fka Lomas & Nettleton Corp.;
Department of Housing and Urban Development; Genesee NBD
Bank; Michigan National Bank; Andrew J. Transue;
Department of the Treasury, Defendants-Appellees,
Citizens Commercial & Savings Bank; Kenneth E. Boykins, Defendants.
 No. 93-1589.
 United States Court of Appeals, Sixth Circuit.
 April 22, 1994.
 
 Before: MILBURN and GUY Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 LaFonza and Joan Washington appeal a district court judgment dismissing their claims against several banks and two individuals. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1992, the Washingtons sued the Department of Housing and Urban Development, the Department of the Treasury, Lomas Mortgage USA, Genesee NBD Bank, Michigan National Bank, Citizens Commercial & Savings Bank, Kenneth E. Boykins (a vice president at Citizens), and Andrew Transue (an attorney who was at one time retained to represent the Washingtons). The Washingtons alleged that the defendants violated their civil rights, the Equal Credit Opportunity Act and the Fair Housing Act. They also alleged that the defendants conspired to violate their civil rights by denying favorable treatment to various loan requests. In its initial dismissal order, the district court dismissed some, but not all, of the claims against defendants Citizens and Boykins. In a second order, the district court dismissed additional claims against all parties, denied the Washingtons' motion for entry of default against the federal defendants, and granted Michigan National Bank's motion to compel discovery.
 
 
 3
 On August 14, 1992, the district court dismissed all claims against defendants Citizens Commercial & Savings Bank and Kenneth Boykins. The district court certified that there was no just reason for delay in entering judgment as to those defendants. The plaintiffs did not appeal from this order. On November 10, 1992, the district court dismissed all claims against defendant Michigan National Bank, because the plaintiffs had failed to comply with prior discovery orders of the court. On the same date, the district court dismissed defendant Transue, because the plaintiffs had not filed a more definite statement of their claims against Transue, as required by a previous court order.
 
 
 4
 On January 7, 1993, the district court granted defendant Lomas Mortgage's motion for summary judgment, concluding that the Washingtons' claims against the bank were barred by the doctrine of res judicata and the applicable statutes of limitations. On February 19, 1993, the district court denied the plaintiffs' motion for relief from judgment and dismissed the suit in its entirety. The Washingtons filed a timely appeal from this order.
 
 
 5
 Initially, we note that the federal agencies and defendants Citizens Commercial & Savings Bank and Kenneth E. Boykins are not proper parties to this appeal. The governmental agencies were never properly served and were never made defendants in this case. Further, this court has previously dismissed defendants Citizens Commercial & Savings Bank and Kenneth E. Boykins from this appeal, because the Washingtons did not file a timely appeal from the order dismissing the claims against these defendants.
 
 
 6
 Upon review, we conclude that the district court properly determined that the Washingtons' claims against defendants Lomas Mortgage USA and Genesee NBD Bank are barred by the applicable statutes of limitations. See Jones v. City of Hamtramck, 905 F.2d 908, 909 (6th Cir.) (per curiam), cert. denied, 498 U.S. 903 (1990); Farrell v. Bank of New Hampshire-Portsmouth, 929 F.2d 871, 874 (1st Cir.1991); Spann v. Colonial Village, Inc., 899 F.2d 24, 34 (D.C.Cir.), cert. denied, 498 U.S. 980 (1990); Village of Bellwood v. Dwivedi, 895 F.2d 1521, 1527 (7th Cir.1990). Further, the Washingtons' conspiracy claims against all of the defendants are vague and conclusory and, therefore, are insufficient to state a claim. Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987).
 
 
 7
 The district court did not abuse its discretion in dismissing Michigan National Bank from the suit, because the Washingtons did not comply with its discovery orders. Bank One of Cleveland v. Abbe, 916 F.2d 1067, 1073 (6th Cir.1990).
 
 
 8
 The district court also did not abuse its discretion in dismissing the Washingtons' claims against defendant Transue for failure to prosecute. Little v. Yeutter, 984 F.2d 160, 162 (6th Cir.1993).
 
 
 9
 Lastly, we note that the district court properly denied the Washingtons' request for recusal, because the request was predicated upon judicial conduct, rather than extrajudicial conduct, and the alleged bias was not personal. Rhodes v. McDannel, 945 F.2d 117, 120 (6th Cir.1991) (per curiam), cert. denied, 112 S.Ct. 872 (1992).
 
 
 10
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.