103 F.3d 129
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph H. KING, Plaintiff-Appellant,
v.
A.C. GILLIS; Cherry Miller, Defendants-Appellees.
 No. 95-5987.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1996.
 
 On Appeal from the United States District Court for the Western District of Tennessee, No. 93-02674; Jerome Turner, Judge.
 W.D.Tenn.
 REVERSED.
 Before: KENNEDY, WELLFORD, and SILER, Circuit Judges.
 WELLFORD, Circuit Judge.
 
 
 1
 Joseph King, a Tennessee prisoner, brought this § 1983 action pro se based on his claim that the defendants, Tennessee prison personnel, violated his right to be free of cruel and unusual punishment by acting with "deliberate indifference" to his medical needs while he was incarcerated at the Shelby County Jail. The district court dismissed the case because it determined that it was barred by the statute of limitations. We REVERSE and REMAND for consideration whether King may be able to make out a valid claim that would toll the application of the statute of limitations.
 
 
 2
 In 1973, King was diagnosed as suffering from schizophrenia and has since been continuously taking prescription medication designed to control his condition.[1] Without it, King allegedly becomes "sick" and hears voices. He has also attempted to commit suicide "a whole bunch" of times during his life, including recently before this action was filed. In fact, King alleges that in one attempt, he shot himself in the head, where the bullet remains, that still causes seizures.
 
 
 3
 King was sentenced to a period of confinement in the Shelby County Jail, where he resided on the medical floor beginning on November 18, 1991. In April, 1992, King began to complain of extreme itching. This condition worsened until June, and he began to lose weight. Sometime in April, after continued complaints to jail officials, including the present defendants, a jail official (who was formerly a defendant in this action) informed King that he was suffering an allergic reaction to his schizophrenia medication, and decided to discontinue dispensing it to him. King was not allowed to resume taking his medication for his mental condition again until July, approximately three months later.[2] During this time, King alleges that because of his behavior, a jail official threatened to move him to the "K Pod" at the jail, which King states is for "people like [him] with nervous conditions, [who] tried to commit suicide...."
 
 
 4
 On July 27, 1992, King was transferred to the Middle Tennessee Mental Health Center (MTMHC) pursuant to a state court order. At MTMHC, he was diagnosed with diabetes, and insulin was prescribed. This condition apparently was the cause of his itching and loss of weight.
 
 
 5
 Despite his mental and nervous problems, King prepared a complaint claiming that jail officials displayed "deliberate indifference" to his medical needs in violation of his right to be free of cruel and unusual punishment as guaranteed by the Eighth and Fourteenth Amendments. He signed and gave it to a prison official to mail on July 22, 1993, and, indeed, it was mailed that day. The district court clerk received the complaint on August 3, 1993 (12 days later), which was one year and seven days after King had been transferred out of the Shelby County Jail.
 
 
 6
 The district court, citing In re Toler, 999 F.2d 140 (6th Cir.1993), concluded that the August 3, 1993, date of receipt by the clerk was to be regarded as the relevant date for determining when a complaint is "filed" with the court. Furthermore, since King had not even been physically present at the Shelby County Jail after July 27, 1992, the court held that his cause of action was presumably time-barred since more than a year had passed.
 
 
 7
 The issue before the district court was whether to extend Houston v. Lack, 487 U.S. 266 (1988), to cover the filing of King's complaint in this case. In Houston, the Supreme Court held that for purposes of computing the limitation period for a prisoner who files a notice of appeal, courts should utilize the date that prisoners turn over a notice of appeal to prison officials to deposit in the mail instead of the date of receipt by the court clerk. King argues that instead of utilizing August 3 as the date his complaint was filed, the court should have used July 22, the day he handed over his complaint to jail personnel to mail for him. The district court, however, distinguished Houston and rejected the plaintiff's position.[3]
 
 
 8
 It is well settled that in § 1983 causes of action, courts apply the statute of limitations applicable to personal injury cases under state law. Wilson v. Garcia, 471 U.S. 261, 276 (1985); Higley v. Michigan Dep't of Corrections, 835 F.2d 623, 624 (6th Cir.1987), reversed on other grounds, Hardin v. Straub, 490 U.S. 536 (1989). The appropriate statute of limitation to be applied to § 1983 cases arising in Tennessee is T.C.A. § 28-3-104, which prescribes a one year limitation period. See, e.g., Burkhart v. Randles, 764 F.2d 1196, 1200 n. 5 (6th Cir.1985). Furthermore, as an inherent aspect of the state statute of limitations, courts hearing § 1983 claims also borrow state law determining whether the limitations period is tolled. Perreault v. Hostetler, 884 F.2d 267, 270 (6th Cir.1989). In Tennessee, the saving statute relevant to incompetence or disability is T.C.A. § 28-1-106, which reads in part:
 
 
 9
 Persons under disability on accrual of right. If the person entitled to commence an action is, at the time the cause of action accrued, ... of unsound mind, such person ... may commence the action, after the removal of such disability, within the time limitation for the particular cause of action....
 
 
 10
 As a preliminary matter, the court in Moon v. White noted that "[n]othing in this statute limits the court to a construction of 'unsound mind' which would accept only an adjudication of insanity or of disability of a nature which would justify the appointment of a guardian or conservator." 909 F.Supp. 1047, 1058 (E.D.Tenn.1993). Nevertheless, the statute fails to define the term "unsound mind." As one court has made clear, however, "Tennessee case law does provide definitions." Smith v. Grumman-Olsen Corp., 913 F.Supp. 1077, 1085 (E.D.Tenn.1995).
 
 
 11
 In Doe v. Coffee County Bd. of Educ., the Tennessee Court of Appeals found that an early case applied this tolling provision to a woman who was "incapable of attending to any business, or of taking care of herself." 852 S.W.2d 899, 905 (1992) (quoting Porter v. Porter, 22 Tenn. (3 Hum.) 586, 589 (1842)). The court was satisfied that such a liberal construction was also consistent with other authority, citing Georgia law and the Corpus Juris Secundum, and adopted its reasoning. Similarly, while construing Tennessee law, the federal court in Smith applied the law in other jurisdictions (Georgia and Massachusetts) and even analogized the construction of the phrase "unsound mind" to that used in assessing testamentary capacity in Tennessee. 913 F.Supp. at 1085. The Smith court concluded that the Tennessee tolling standard has two components: 1) the plaintiff's capability of attending to any business, or 2) the plaintiff's capability of taking care of himself. This is consistent with the formulation utilized in other jurisdictions. For example, in Lawson v. Glover, a federal court applying Georgia law to circumstances somewhat similar to the ones before us here, stated:
 
 
 12
 [A] plaintiff may establish a toll due to mental incapacity based on the claim that, as a result of the occurrence giving rise to the cause of action, the plaintiff became "mentally and physically incapacitated so as to be incapable of acting for himself in carrying on his business and in prosecuting his claim."
 
 
 13
 957 F.2d 801, 805 (11th Cir.1987) (quoting Lowe v. Pue, 257 S.E.2d 209, 210, 212 (Ga.Ct.App.1979)); see also Cobb v. Nizami, 851 F.2d 730, 733 (4th Cir.1988) (J. Butzner dissenting in applying West Virginia law), cert. denied, 109 S.Ct. 1177 (1989).
 
 
 14
 It is apparent from the record before us that King may be of "unsound mind" and the question is one of fact. See Smith, 913 F.Supp. at 1086. The evidence in this record is not fully developed on the issue, in part because the district court did not address it. Further, even the evidence of mental difficulties that is apparent from the record is by no means conclusive since the parties could fairly dispute its practical significance and effect. For purposes of raising and disposing of the issue at this stage, however, this court's task is merely to determine whether a genuine issue of material fact exists, not actually to weigh the evidence as to whether King was of "unsound mind" at the critical period.
 
 
 15
 It seems to us that the facts that emanate from the record clearly present a genuine issue of fact on tolling the statute of limitations that was overlooked by the district court. The evidence in the record shows that King suffers from schizophrenia, which in and of itself might justify an inference that he was of "unsound mind." In addition, it is undisputed that for about three months prior to his transfer to the MTMHC, jail officials removed King from the medication used to control his condition. The district court should weigh the evidence and draw a conclusion regarding whether King was of "unsound mind" within the meaning of the Tennessee law during June, July, and August, 1993.
 
 
 16
 It is also important that the district court pay close attention to the issue of when the cause of action accrued, inasmuch as the statute requires that the disability exist simultaneously with the time for filing. See T.C.A. § 28-1-106. In its order, the district court assumed that the claim accrued on July 27, 1992. However, since the claim was ultimately dismissed, it is unclear whether the court simply assumed without deciding that June 27, 1992, was the relevant date because it was considered to be the plaintiff's "best case scenario." In any event, it is necessary that the court below also make a factual finding regarding the date of accrual, since the tolling statute is applicable only if King was of unsound mind "at the time the cause of action accrued." T.C.A. § 28-1-106.
 
 
 17
 Furthermore, it is important to note that despite reliance on state law to provide a statute of limitations and any tolling provisions in § 1983 cases, federal law is still utilized when determining when a cause of action actually accrues in the first place. Perreault, 884 F.2d at 270. As a general rule, under federal law, a cause of action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." Id. (quoting Covington v. Winger, 562 F.Supp. 115, 117 (W.D.Mich.1983) (emphasis added), affirmed, 746 F.2d 1475 (6th Cir.1984), cert. denied, 470 U.S. 1056 (1985).[4]
 
 
 18
 While King, acting without counsel, apparently failed to raise the tolling argument, we nevertheless address it in the interest of justice in this pro se matter. Accordingly, we REVERSE and REMAND for further proceedings consistent with this opinion. We suggest that the district court consider appointing counsel for King.
 
 
 
 [1]
 Since the district court disposed of this case at summary judgment, the facts stated here are in the light most favorable to the plaintiff
 
 
 [2]
 The district court acknowledged that King was deprived of his schizophrenia medication for approximately three months, and found that defendant Bryant told King "that he had known plaintiff had diabetes."
 
 
 [3]
 We do not decide at this juncture whether Houston v. Lack should be applied so as to hold that King's complaint was timely filed absent the benefit of tolling the statute of limitations
 
 
 [4]
 This standard is distinguishable from the one used in medical malpractice actions that utilizes the date of the diagnosis. In Nasim v. Warden, Maryland House of Correction, the court held that "[a]ccrual of a claim does not 'await awareness by the plaintiff that his injury was negligently inflicted." 64 F.3d 951, 955 (4th Cir.1995), cert. denied, 116 S.Ct. 1273 (1996) (quoting United States v. Kubrick, 444 U.S. 111, 123 (1979)). The court further stated that "a cause of action accrues either when the plaintiff has knowledge of his claim or when he is put on notice--e.g. by the knowledge of the fact of injury and who caused it--to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim." Id