**Firooz JALILI–KHIABANI, Plaintiff,**

v.

**OAKLAND COUNTY, Oakland County Sheriff's Department, Oakland County Prosecutor, Officer Stupka, Officer Spalo, and Officer Miles, Defendants.**

Civ. A. No. 94–72514.

United States District Court, E.D. Michigan, Southern Division.

Sept. 14, 1994.

Steven M. Potter, Patterson, Potter, Delbi & Carniak, P.C., Auburn Hills, MI, for defendant Miles.

Leon B. Jukowski, Mark H. Freedman, Florka & Jukowski, Pontiac, MI, for defendant Stupka.

### *MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

GADOLA, District Judge.

Plaintiff Firooz Jalili–Khiabani is seeking recovery of damages from defendants under 42 U.S.C. § 1983 for alleged constitutional violations. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendant Oakland County has filed a motion for summary judgment. The court will dispense with oral argument and decide the motion on the briefs submitted by the parties. Local Rule 7.1(e)(2) (E.D.Mich. Jan. 1, 1992). For the reasons discussed below, the court will grant defendant's motion.

### I. Background

Plaintiff alleges that defendants violated his right to be free from unreasonable searches and seizures. Specifically, plaintiff claims that on March 28, 1989, defendants Stupka and Spalo, both of whom are Oakland County Sheriff's Deputies, illegally entered his fenced backyard and conducted a warrantless search of his car in order to ascertain its vehicle identification ("VIN") number. In a second incident, plaintiff alleges two unnamed City of Pontiac police officers stopped him on the highway and illegally impounded his car after conducting an unconstitutional search for its VIN number.

Plaintiff has also named as defendants the Oakland County Prosecutor, the Oakland County Sheriff's Department, and Officer Miles, another sheriff's deputy, all of whom were allegedly connected to the illegal search and seizure of his car.

In March 1990, plaintiff was convicted by a jury of four felonies related to an insurance fraud scheme involving the car at issue. Plaintiff's convictions were overturned on appeal and he was given a new trial, apparently the result of improper comments made by an assistant county prosecutor during his closing argument. In October 1993, plaintiff was again convicted of the charges against him following a plea of no contest.

On June 29, 1994, plaintiff filed his complaint alleging an unconstitutional search and seizure, as well as two state law causes of action. By a prior order of this court, plaintiff's two state law claims were dismissed. On July 27, 1994, defendant Oakland County filed the instant motion for summary judgment. Plaintiff has failed to file any response.

## II. Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984) (citation omitted) (quoting Black's Law Dictionary 881 (6th ed. 1979)). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.,* 749 F.2d 1205, 1210–11 (6th Cir.1984).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.,* 801 F.2d 859, 861 (6th Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg,* 801 F.2d at 861.

To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted). *See Catrett,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed.R.Civ.P. 50(a). *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact. *Lucas v. Leaseway Multi Transp. Serv., Inc.,* 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd,* 929 F.2d 701 (6th Cir.1991). The evidence itself need not be the sort admissible at trial.

*Ashbrook v. Block,* 917 F.2d 918, 921 (6th Cir.1990). However, the evidence must be more than the nonmovant's own pleadings and affidavits. *Id.*

### III. Analysis

Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 for alleged violations of his Fourth Amendment right to be free from unreasonable searches and seizures. In its motion, Oakland County contends that it deserves summary judgment because plaintiff has failed to support his claim of municipal liability under section 1983 and because plaintiff failed to file his complaint within the applicable statute of limitations.[1] The court will examine each of these claims in turn.

### A. Municipal Liability

██ In order for defendant Oakland County to be liable under section 1983, plaintiff must show that the alleged injuries were inflicted pursuant to a governmental custom, policy, or practice. A municipality cannot be found liable based on respondeat superior or vicarious liability. *Oklahoma City v. Tuttle,* 471 U.S. 808, 823–24, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985); *Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). In addition, a single incident of unconstitutional activity does not establish an official policy or practice of a municipality sufficient to render the municipality liable for damages under section 1983. *Tuttle,* 471 U.S. at 823, 105 S.Ct. at 2436.

██ In his complaint, plaintiff fails to make any allegations indicating that Oakland County had a custom, policy, or practice which allowed or encouraged illegal searches and seizures. In addition, plaintiff has presented no evidence to the court in response to defendant's motion for summary judgment supporting a claim of municipal liability in this case.

It is clear that plaintiff has failed to meet his burden under *Monell.* He has made no showing of any policy or practice on the part of Oakland County that led to the alleged

constitutional violations. There is no basis or support for plaintiff's claim of liability by Oakland County under section 1983. His pleadings provide no factual support or specific instances for his claim against the county.

Because plaintiff has failed to show any policy, practice, or custom by defendant Oakland County that resulted in the alleged constitutional violations, the court will grant Oakland County's motion for summary judgment.

### B. Statute of Limitations

██ Oakland County also seeks summary judgment based upon its claim that plaintiff failed to file his complaint within the applicable statute of limitations. The limitations period for a 42 U.S.C. § 1983 claim is the statute of limitations applicable to personal injury actions. *Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985); *Jones v. City of Hamtramck,* 905 F.2d 908, 909 (6th Cir.), *cert. denied,* 495 U.S. 908, 110 S.Ct. 1931, 109 L.Ed.2d 294 (1990). In Michigan, the limitations period for personal injury claims is three years. M.C.L.A. § 600.5805(8), M.S.A. § 27A.5805(8); 42 U.S.C. § 1988; *see Hardin v. Straub,* 490 U.S. 536, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989); *Conlin v. Blanchard,* 890 F.2d 811 (6th Cir.1989); *Huron Valley Hosp., Inc. v. City of Pontiac,* 612 F.Supp. 654, 657 (E.D.Mich.1985), *aff'd,* 792 F.2d 563 (6th Cir.), *cert. denied,* 479 U.S. 885, 107 S.Ct. 278, 93 L.Ed.2d 254 (1986). Under federal law, a section 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Torres v. Superintendent of Police,* 893 F.2d 404, 407 (1st Cir.1990). State law provisions regarding tolling are borrowed in cases involving section 1983 claims unless the tolling provision is inconsistent with federal law or policy. *Board of Regents v. Tomanio,* 446 U.S. 478, 488–92, 100 S.Ct. 1790, 1797–99, 64 L.Ed.2d 440 (1980).

██ The court finds that plaintiff's complaint is untimely under the applicable statute of limitations. The alleged illegal search

---

1. Oakland County also claims that there is no constitutional violation alleged in the complaint. However, because it will decide defendant's mo-

tion on other grounds, the court finds it unnecessary to address this portion of defendant's motion.

and seizure occurred in March and April of 1989. Plaintiff's complaint was filed on June 29, 1994, over five years after plaintiff became aware of the injury which is the basis of this action. There is no indication that the limitations period in this case was tolled. As a result, defendant Oakland County deserves summary judgment.

Although the instant motion was brought only by defendant Oakland County, the court, *sua sponte,* will grant summary judgment to all other defendants as well given that plaintiff's complaint is untimely under the statute of limitations as against each of the other defendants.

### ORDER

Therefore, it is hereby **ORDERED** that defendant's motion for summary judgment is **GRANTED**. Plaintiff's complaint is **DISMISSED** with prejudice as to all defendants.

**SO ORDERED.**