16 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Levert K. GRIFFIN, Petitioner-Appellant,
v.
Arthur TATE, Warden, Respondent-Appellee.
 No. 93-3411.
 United States Court of Appeals, Sixth Circuit.
 Jan. 25, 1994.
 
 Before KENNEDY and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Levert K. Griffin a pro se Ohio prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Appellee has informed the court that he will not be filing a brief.
 
 
 2
 Following a bench trial in 1986, Griffin was convicted on one count of grand theft. As a result of his previous convictions for theft, he received a sentence of four to ten years of imprisonment. On appeal, Griffin argued that his trial counsel was ineffective. The Ohio Court of Appeals affirmed the conviction and the Ohio Supreme Court denied leave to appeal.
 
 
 3
 In his petition, Griffin argued that his conviction was obtained in violation of Ohio's speedy trial law, that his preliminary hearing was not timely conducted, that the conviction constituted double jeopardy, and that his trial attorney was ineffective. Griffin was appointed counsel who amended the petition in order to raise only the ineffective counsel argument. Griffin subsequently had his appointed counsel discharged from the case. Upon de novo review of a magistrate judge's report, the district court dismissed the petition as meritless.
 
 
 4
 In his appeal, which was timely, Griffin argues in a rambling brief that his trial counsel was ineffective and that the United States Magistrate Judge, the Assistant Ohio State Attorney General, and his appointed counsel for his habeas corpus case all conspired to violate his constitutional rights. He requests oral argument, a free transcript at government expense, and the appointment of counsel.
 
 
 5
 The district court properly dismissed the petition because a de novo review of the record shows that Griffin received a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 6
 Griffin's attorney rendered effective assistance. Counsel's stipulation as to Griffin's past theft convictions was not deficient and did not prejudice Griffin's defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.), cert. denied, 484 U.S. 870 (1987). Griffin's conspiracy argument is meritless.
 
 
 7
 Accordingly, we deny the requests for relief and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.