68 F.3d 474
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Levert K. GRIFFIN, Petitioner-Appellant,
v.
Terry L. COLLINS, Warden, Respondent-Appellee.
 No. 95-3425.
 United States Court of Appeals, Sixth Circuit.
 Oct. 16, 1995.
 
 1
 Before: MARTIN and BATCHELDER, Circuit Judges, and COOK, District Judge.*
 
 ORDER
 
 2
 Levert Griffin appeals a judgment dismissing his petition for habeas corpus relief brought under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Griffin, an Ohio inmate, filed a Sec. 2254 petition in which he challenged the constitutionality of a 1986 Ohio state court conviction for grand theft. The respondent filed a motion to dismiss and the matter was referred to a magistrate judge. The magistrate judge recommended that the petition be denied and the district court adopted this recommendation over Griffin's objections. This appeal followed. Griffin submitted a brief and is proceeding without benefit of counsel.
 
 
 4
 Griffin was convicted of grand theft in 1986 and sentenced to a term of 4-10 years. Griffin thereafter exhausted his state court appellate remedies and, in 1992, filed a Sec. 2254 petition challenging his conviction. Griffin claimed that the conviction was unconstitutional as violative under Ohio law (speedy trial and preliminary hearing requirements) and federal law (double jeopardy and ineffective assistance of counsel). The district court declined to issue the writ and a panel of this court affirmed. Griffin v. Tate, No. 93-3411, 1994 WL 19943 (6th Cir. Jan. 25, 1994) (order).
 
 
 5
 In 1994, Griffin filed a second Sec. 2254 petition directed to the theft conviction. He set forth, in roundabout fashion, the same four claims for relief raised in his first, unsuccessful petition as well as a number of other claims. These other claims sounded in federal and state criminal law, state post-conviction procedure, denial of parole, federal civil rights, and disciplinary complaints directed to the governing body of the Ohio State Bar Association. There is no explanation for Griffin's failure to bring any of these added grounds for relief in the first petition.
 
 
 6
 The magistrate judge to whom the matter was assigned recommended that the petition be denied in its entirety. The magistrate judge initially concluded that some of the claims were cognizable in a Sec. 2254 setting (notably those found in p 9(d)) and others were not. The cognizable claims that had been raised in the first proceeding were termed successive and the remainder were said to constitute an abuse of the writ. The magistrate judge recommended that both classes of these claims should be dismissed as well as the claims that were not properly the subject of a Sec. 2254 action. The district court adopted this recommendation over Griffin's objections.
 
 
 7
 The record and law provide ample support for the district court's decision to dismiss the claims that are cognizable in a federal habeas corpus proceeding. A habeas corpus petition may be dismissed as successive under Rule 9(b), Rules Governing Section 2254 Cases, if: 1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application; 2) the prior determination was on the merits; and 3) the ends of justice would not be served by reaching the merits of the subsequent application. 28 U.S.C. Sec. 2244(a) and (b); Sanders v. United States, 373 U.S. 1, 15 (1963); Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987). A petition may also be dismissed as an abuse of the writ if the petitioner had a prior opportunity to raise his claims and he either deliberately abandoned his claims or, by inexcusable neglect, failed to raise the claims at the prior opportunity. McCleskey v. Zant, 499 U.S. 467, 487-88 (1991). Even if a petitioner fails to show excusable neglect, a court may still review a claim if the petitioner can show cause to excuse his failure to raise the claim and resulting prejudice to his case. Id. at 493-94. Finally, the abuse may be excused if the petitioner demonstrates a colorable claim of factual innocence of the crime under attack. Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986).
 
 
 8
 Griffin's claims are either successive or an abuse of the writ and his case does not fall within any of the exceptions that would enable a court to consider the merits of his claims. Griffin clearly repeats the four claims raised in the first action without supplying any reason for doing so. The other cognizable claims (prosecutorial misconduct, ineffective assistance of appellate counsel, denial of due process) also could have been raised earlier, but there is no justification offered or apparent for their omission from the first petition. At no time does Griffin raise a claim of "actual innocence" of the crime under attack. These claims were subject to dismissal.
 
 
 9
 The district court quite correctly dismissed the remainder of Griffin's claims that do not constitute grounds for federal habeas corpus relief. Griffin has, for instance, based other spurious federal actions on his allegations of parole irregularities and Ohio State Bar Association complaints. None of the other many, cryptic assertions contained in the petition (most notably conspiracy allegations) are capable of providing habeas corpus relief. The appeal lacks merit.
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., United States District Judge for the Eastern District of Michigan, sitting by designation