76 F.3d 378
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Levert K. GRIFFIN, Plaintiff-Appellant,
v.
Roger L. SMITH; Donald B. McFadden, Judge; Michael
Callahan; Daniel J. McGowan, Defendants-Appellees.
 No. 95-3415.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1996.
 
 Before: JONES, NORRIS and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Levert K. Griffin, a pro se Ohio resident, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 2000e (Title VII), and multiple constitutional amendments. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory, and injunctive relief, Griffin sued a state judge, a prosecutor, and two attorneys. Griffin alleged that he filed a civil action against these defendants based upon a previously filed criminal affidavit. Allegedly, a complaint was served on these defendants in state court in June 1994 and a motion for a default judgment in December 1994 was denied. Griffin stated that the defendants acted outside the scope of their authority with malicious intent. Upon review, the district court sua sponte dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(d).
 
 
 3
 The briefs of the parties filed on appeal shed more light as to the basis of Griffin's complaint. In 1986, Griffin was convicted of grand theft. Griffin's conviction was affirmed on appeal. Griffin filed a petition for a writ of habeas corpus which was denied by the district court; this decision was affirmed by this court on appeal. See Griffin v. Tate, No. 93-3411, 1994 WL 19943 (6th Cir. Jan. 25, 1994).
 
 
 4
 In 1994, Griffin filed a civil action in the Common Pleas Court of Summit County, Ohio, claiming that the defendants conspired to falsely imprison him. The state court dismissed the complaint as meritless. Griffin then filed his civil rights action in federal court, raising the same issues that he presented in the state court. We note that this court previously addressed Griffin's conspiracy argument in his habeas petition and found the argument to be meritless. Id. at 2.
 
 
 5
 The dismissal of a complaint pursuant to 28 U.S.C. § 1915(d) is reviewed under the abuse of discretion standard. See Denton v. Hernandez, 504 U.S. 25, 33 (1992).
 
 
 6
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Griffin's complaint as frivolous. Ohio's two year general statute of limitations contained in Ohio Rev.Code § 2305.10 is applied to civil rights claims arising in Ohio. Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir.1989) (en banc). The statute is tolled only when a claim accrues while a plaintiff is incarcerated. Ohio Rev.Code § 2305.16; Austin v. Brammer, 555 F.2d 142, 143-44 (6th Cir.1977) (per curiam). Griffin's actions accrued in 1986, but he did not file his complaint until 1995. Further, Griffin was not incarcerated at the time his cause of action accrued. See Jones v. City of Hamtramck, 905 F.2d 908, 909 (6th Cir.) (per curiam), cert. denied, 498 U.S. 903 (1990). Therefore, Griffin's complaint is barred by the applicable statute of limitations.
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.